IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL JOHNSON, | No. 2:22-CV-0276-DAD-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are

satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) California Department of Corrections and Rehabilitation; (2) Kathleen Allison, the former secretary of CDCR; (3) Giselle Matteson, the warden of California State Prison, Solano. See ECF No. 1, pg. 2. Plaintiff alleges one claim for relief.

Plaintiff states that he received surgical treatment for Osteomyelitis, an infection in the bone of his right foot, while at CMC San Luis Obispo. See id. at 3. Once the surgery was completed, Plaintiff was transferred to Solano State Prison between February 14-15, 2020. See id. Plaintiff contracted Covid-19 at Solano State Prison on December 24, 2020. See id. Plaintiff alleges that he contracted the virus due to the massive movement of prisoners into Solano State Prison. See id.

Plaintiff states that he filed a grievance, but that he did not pursue any level of appeal because his "legal paperwork was stolen" after he was released from prison on May 14, 2021. See id. at 1. Plaintiff also states that he takes psychological medication for a mental disability, "[does] not understand nothing going on," and that he received "no effective communication" during his time in prison. See id. at 3.

Plaintiff filed an identical complaint on December 3, 2021, and that case is still pending. See Civil Action No. 2:21-cv-02348-WBS-DMC, Complaint filed December 3, 2021 (ECF No. 1).[1]

///

---

[1] The complaint cited is an exact photocopy of this complaint.

2

**II.     DISCUSSION**

As discussed below, the Court finds the instant action to be duplicative and will recommend it be dismissed as such.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008)). "It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012). If the court finds that a claim is duplicative in nature, then it can exercise its discretion and hold that it is not appropriate to maintain the claim. See id.

In M.M. v. Lafayette Sch. Dist., the plaintiff challenged the individual education program of the Lafayette School District. Id. at 1084. The plaintiff alleged that their son did not receive a proper assessment plan for the special education program. Id. The plaintiff first filed suit against the California Department of Education on November 8, 2008. See id. at 1085. The plaintiff filed suit again on August 11, 2009, against several other defendants and included additional claims against the California Department of Education. See id. The district court found that the plaintiff stated its new claim in "identical terms" of their pending claims and dismissed the duplicative claim. See id. at 1091.

Here, the facts are similar to the facts in M.M. v. Lafayette Sch. Dist. Plaintiff previously submitted this exact complaint to the Court and is in the process of litigation. See Civil Action No. 2:21-cv-02348-WBS-DMC. Plaintiff's claim is even more duplicative than the duplicative claims in M.M. v. Lafayette Sch. Dist. because Plaintiff did not just use "identical terms" of his previous action but submitted a photocopy of his existing complaint. Because this action is duplicative of a previously filed and currently pending action, the Court should dismiss this case.

/ / /

/ / /

### III.    CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice as duplicative of Plaintiff's pending action before the Court, case no. 2:21-cv-02348-WBS-DMC.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 12, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE